UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
Southern Division

JAMES HOOK

      Plaintiff,

v.

PRINCE GEORGE'S COUNTY, MARYLAND
OFFICE OF HOMELAND SECURITY

      Defendant

Civil Action No. 09-cv-1630 RWT

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

Introduction

    Plaintiff James Hook, terminated from his successful eighteen year employment at Prince George's County Maryland Department of Homeland Security on the basis of his disability, filed a Complaint in this Court on June 19, 2009, an Amended Complaint on July 10, 2009, and a Second Amended Complaint on December 10, 2009.  The Complaint alleged violation of the Americans with Disabilities Act, 42 U.S.C. §12102 *et seq.* (the "ADA"), the Prince George's County Human Relations Commission Act, Prince George's County Code, §2-185 *et seq.,* and the Maryland Code, Art. 49B, §16, and included Count I, which sought redress for the discriminatory termination, and Count II, which alleged retaliation.  Plaintiff has moved the Court to Dismiss Count II only.

    Herein, Plaintiff seeks Summary Judgment, or in the alternative Partial Summary Judgment for violation of 42 U.S.C. §12101 *et seq.,* Count I.   Having timely filed Charges with all three

relevant Commissions, Mr. Hook received a Notice of Rights from the U.S. E.E.O.C. on or about June 8, 2009.

Summary Judgment or Partial Summary Judgment

It is Plaintiff's position that the evidence and points argued in the accompanying Memorandum of Points and Authorities establish that Defendant violated 42 U.S.C. § 12101 *et seq.*, ("ADA"), discriminating against him when they terminated him based upon an imagined impairment when he was qualified to return to work.  Plaintiff asks the Court to so rule, with hearing on damages.

In the alternative, Plaintiff asks the Court to grant partial summary judgment upon any or all of the following:

1) Plaintiff is disabled and protected under the Act for any or all of the following reasons: (a) he has proved that under 42 U.S.C. § 12101(A) he has a permanent impairment substantially limiting his ability to eat, see, and eliminate waste, ( b) Defendant regarded him as having such a covered impairment under  42 U.S.C. § 12101(C); and (c) Defendant acted in reliance upon Plaintiff's record of having such an impairment under 42 U.S.C. § 12101(B);

2)   Where Plaintiff was qualified and presented current and convincing evidence that he could perform the job of Emergency Dispatcher, Defendant discriminated against him on the basis of his disability rejecting such evidence and relying instead upon improbable and false  assumptions to terminate him;

3)  Defendant violated the ADA when they failed to conduct a reasonable good faith individualized inquiry as required under the Act into whether Plaintiff could perform the essential functions of the job with or without accommodation;

4) Defendant terminated Plaintiff on the basis of his disability.

<u>Standard under Fed.R.Civ. P. 56(c)</u>

For the reasons set out in Plaintiff's <u>Memorandum of Points and Authorities,</u> Plaintiff is entitled to Summary Judgment or Partial Summary Judgment where the evidence demonstrates Defendant's liability, that there is no genuine issue as to any material fact regarding Defendant's liability, and that no "reasonable jury could return a verdict for the non-moving party." Even if all "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor," Defendant does not meet his burden to present specific facts that raise issues of material fact in dispute, and Plaintiff is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

WHEREFORE, Plaintiff asks the Court to grant Plaintiff Summary Judgment as to liability, with hearing on damages, or in the alternative, Partial Summary Judgment as set out herein.

                                Respectfully submitted,

                                _____/s/_____
                                Nancy Brewer, Bar #17088
                                The Zipin Law Firm, LLC
                                8403 Colesville Rd., Suite 610
                                Silver Spring, MD 20910
                                Ph: 513-979-4138 (preferred)
                                    301- 587-9373
                                nbrewerwv@msn.com
                                Counsel for Plaintiff

Served electronically to:
sljohnson@co.md.pg.us