# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **JAMES HOOK,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: RWT 09cv1630 |
| | * | |
| **PRINCE GEORGE'S COUNTY,** | * | |
| **MARYLAND, OFFICE OF** | * | |
| **HOMELAND SECURITY** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

On May 17, 2010, Plaintiff James Hook filed a "Motion to Dismiss Count II Only of His Complaint," moving the Court to dismiss *without prejudice* his retaliation claim asserted in Count II of the Second Amended Complaint. *See* Paper No. 34. The Court shall construe Plaintiff's motion as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).

On May 18, 2010, Defendant opposed Plaintiff's motion, requesting that the Court dismiss Count II with prejudice, or not at all. *See* Paper No. 35. Plaintiff filed a reply on May 23, 2010. *See* Paper No. 38.

Pursuant to Fed. R. Civ. P. 41(a), once a defendant has filed an answer or motion for summary judgment, a plaintiff may dismiss an action only by consent or by court order:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).   The Fourth Circuit has interpreted Rule 41 to permit the voluntary

dismissal of an action in whole or in part.  *See, e.g.*, *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 Fed.

App'x 244, 245 (4th Cir. 2008) (finding that the lower court did not abuse its discretion by

permitting plaintiff to voluntarily dismiss its unjust enrichment claim); *Ellett Bros. v. U. S. Fid.

& Guar. Co.*, 275 F.3d 384, 388-89 (4th Cir. 2001) (affirming district court's dismissal of

indemnification claim without prejudice).  *Cf. Miller v. Terramite Corp.*, 114 Fed. App'x 536,

540 (4th Cir. 2004) (observing that "[b]ecause Rule 41(a)(2) provides for the dismissal of

'actions' rather than claims, it can be argued that Rule 15 is technically the proper vehicle to

accomplish a partial dismissal of a single claim, but similar standards govern the exercise of

discretion under either rule.").

"[A] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain

legal prejudice to the defendant."  *Ellett Bros.*, 275 F.3d at 388.  In an unpublished opinion, the

Fourth Circuit has further explained that:

> Factors a district court should consider in ruling on such motions
> are: (1) the opposing party's effort and expense in preparing for
> trial; (2) excessive delay or lack of diligence on the part of the
> movant; (3) insufficient explanation of the need for a dismissal;
> and (4) the present stage of the litigation . . . . Courts generally
> agree, however, that the mere prospect of a second lawsuit is not
> sufficient prejudice to justify denying a motion for voluntary
> dismissal. Similarly, the possibility that the plaintiff will gain a
> tactical advantage over the defendant in future litigation will not
> serve to bar a second suit.

*Gross v. Spies*, No. 96-2146, 1998 U.S. App. LEXIS 471 at *16 (4th Cir. Jan. 13, 1998)

(citations and internal quotation marks omitted).

Here, Defendant opposes dismissal without prejudice on the grounds that "discovery and expenses were incurred in the defense of the claim."[1]  Def.'s Opp'n at 2.  However, Defendant has failed to specify how much effort it expended and expense it incurred in defending Count II. There is no suggestion that Plaintiff caused excessive delay in moving to dismiss the claim after the close of discovery.  Rather, Plaintiff has explained that dismissal of Count II is necessary because, based on information received during discovery, dismissal would "promote efficiency in this litigation."  Pl.'s Mot. for Voluntary Dismissal at 1.  Furthermore, at this stage, there are no other motions pending regarding Count II and Defendant has not asserted any counterclaims. As a result, dismissal of Count II without prejudice would not result in "plain legal prejudice" to Defendant.

Accordingly,  it is this 25th day of May, 2010, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's "Motion to Dismiss Count II Only of His Complaint" [Paper No. 34] is **GRANTED**; and it is further

**ORDERED**, that Count II is **DISMISSED WITHOUT PREJUDICE**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1]  Also, Defendant notes that Plaintiff has applied for several positions with Defendant and suggests that Plaintiff appears to move for dismissal without prejudice in order to "preserve" his retaliation claim in the event he is not hired.  Def.'s Opp'n ¶¶ 4-5.  However, any such claim has not yet accrued because Plaintiff's applications for employment are currently pending.  *See* Pl.'s Reply at 2.  Even if the Court were to dismiss Count II with prejudice, any claim based on future injury would be unaffected.